VICTORY CARRIERS, Inc., a corporation, Libelant,

v.

The Oil Screw Tug SEA SCOUT, her engines, machinery, tackle, apparel, etc., Shipowners & Merchants Towboat Co., Ltd., a corporation, et al., Respondents, and

States Marine Corporation of Delaware, a corporation, Respondent Impleaded.

No. 27510.

United States District Court
N. D. California, S. D.
May 13, 1958.

Russell A. Mackey, Norman B. Richards, McCutchen, Thomas, Matthew, ·Griffiths & Greene, San Francisco, Cal., ·for libelant.

James A. Quinby, Derby, Cook, Quinby & Tweedt, San Francisco, Cal., for respondent & claimant Shipowners & Merchants Towboat Co., Limited.

Graham, James & Rolph, San Francisco, Cal., for respondent impleaded States Marine Corp. of Delaware, a corporation.

GOODMAN, Chief Judge.

The Court heretofore entered an interlocutory order stating its finding that the collision between libelant's vessel and respondent's tug was the result of the combined fault of the pilot of the vessel and the tug.

The question now to be determined is the liability of the impleaded respondent, States Marine Corporation of Delaware, the time-charter of the vessel, arising out of the pilotage clause claimed by respondent to be part of the towage contract.

The pilotage clause relied on by respondent provides as follows:

"When any pilot furnished by this company, including the master or other officer of any tug furnished to or engaged in the service of assisting or towing a self-propelled vessel, goes on board such vessel, whether or not the vessel has available for use or is making use of her own propelling power, it is understood and agreed that such pilot becomes the servant of that vessel and her owners in respect of all actions taken, orders given, or decisions made by him (or any omission thereof) while on board such vessel; and it is furthermore understood and agreed: (1) that the vessel and her owners will assume all liability for any loss or damage (including that suffered by any assisting tug) resulting from or arising out of the negligence or other fault of such pilot; (2) that neither this company nor such pilot nor any assisting tug, its owners, agents, charterers, operators or managers shall be liable, directly or by way of indemnity or otherwise, for any such loss

or damage; and (3) that each and all of the foregoing parties shall be indemnified and held harmless by the vessel and her owners with respect to any and all claims, by whomsoever asserted, arising by reason of such negligence or other fault.

"If any such vessel is not owned by the person or company ordering the tug and/or pilotage service, it is understood and agreed that such person or company warrants its authority to bind the vessel and her owners to all the provisions of the preceding paragraph and agrees to indemnify and hold harmless this company and such pilot and any assisting tug, its owners, agents, charterers, operators or managers, and each of them, with respect to all losses, damages and/or expenses that may be suffered or incurred in consequence of such person or company not having such authority."

■ The evidence is persuasive that when States Marine engaged respondent to provide towage service for libelant's vessel, it was aware that this particular pilotage clause was one of the terms upon which respondent rendered tug service. By ordering respondent's service with such knowledge, States Marine accepted the pilotage clause as part of the towage contract and is bound by it.

■ Although States Marine was given authority by the time charter to provide a pilot for libelant's vessel, the charter gave it no authority to bind libelant to the provisions of the pilotage clause. It did not act as libelant's agent in contracting with respondent for the pilot's services. People of State of California v. The Jules Fribourg, D.C.N.D. Cal.1956, 140 F.Supp. 333, 340 and cases there cited. Having no authority to bind the libelant, States Marine is liable under the provisions of the pilotage clause to indemnify respondent for any loss resulting from the lack of such authority.

Were libelant bound by the pilotage clause it would have to bear the one-half of the collision damage attributable to the fault of the pilot of its vessel. But since libelant is not contractually bound by the pilotage clause, respondent as the employer of the pilot is liable to libelant for such damage.

It follows that States Marine must indemnify respondent for the loss arising out of such liability.

It is ordered that an interlocutory decree be entered in favor of libelant and against respondent Shipowners & Merchants Towboat Co., for the damage to libelant's vessel and in favor of respondent and against impleaded-respondent States Marine Corporation of Delaware for one-half the sum respondent is ordered to pay libelant. A reference is hereby ordered to Joseph Karesh, United States Commissioner for determination of the amount of damage to libelant's vessel.

Present decree accordingly.

In the event the parties agree upon the amount of the damages, an appropriate final decree may be presented.